IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-41039
_____

JAMES WAYNE,

                        Plaintiff-Appellant,

v.

BODDEN INTERESTS INC, ET AL,

                        Defendants,

BODDEN INTERESTS INC; JODY P MCCORMICK,

                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CV-38)
_____

November 21, 1997

**ON PETITION FOR REHEARING**

Before KING, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant James Wayne's counsel petitioned this
panel for a rehearing of this case because, in their words, we
"have simply missed the point of this appeal."  In an abusive
petition, counsel upbraids this panel for focusing on the
sufficiency of the evidence in deciding this case.  The
petitioner argues that we passed over questions of law that would

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have affected the outcome of the case.  Counsel now asks this panel not to take their brief at face value and to focus on the other legal arguments buried within their sufficiency of the evidence arguments.[2]  The panel considered and rejected those legal arguments.

We draw counsel's attention to the following passages in his brief:

> [T]he trial court erred . . . because there [was] <u>no evidence or insufficient evidence</u> to support the jury's finding . . . and that there was <u>no evidence or insufficient evidence</u> to support the findings . . . .
> . . . [T]here was <u>no evidence</u> to support the jury's finding . . . .

Appellant's Brief at 9 (summary of the argument) (emphasis added).

> Plaintiff submits that a proper examination of the evidence . . . reveals the jury's finding in this regard is not only <u>unsupported by any evidence</u>, but in fact, the <u>overwhelming evidence</u> requires a finding to the contrary.

<u>Id.</u> at 13 (emphasis added).

> This status of the record establishes that there was <u>no evidence</u> to support either the submission of Question No. 2 to the jury, or the answer to it by the jury.

<u>Id.</u> at 14 (emphasis added).

> [D]efendants completely <u>failed to provide evidentiary support</u> of the nature that would factually support the jury's answer to Special Question 2.

<u>Id.</u> at 15 (emphasis added).

> [I]t is clear that the verdict is contrary to reason and the <u>weight of the credible evidence</u> . . . .

<u>Id.</u> at 16 (emphasis added).

---

[2] Counsel cites in their petition nine cases, five of which they did not cite in their briefs on appeal despite all of them being available during the briefing period.

> [T]here simply is <u>no legally credible evidence</u> to support this finding in the evidence.

<u>Id.</u> at 17 (emphasis added).

> Not only did Defendant not produce <u>any evidence</u> . . ., but the undisputed <u>evidence</u> is to the contrary.

<u>Id.</u> at 18 (emphasis added).

> [T]here is <u>absolutely no evidence</u> that the FDIC, as lessor, set out to intentionally conceal the identity of the owner . . . . [T]here is <u>no evidence</u> . . . that would lead any reasonable person to conclude that the FDIC committed fraud . . . . The jury's findings in this regard are based upon speculation, hunch, or mere suspicion which certainly does not rise to the level of <u>competent evidence</u> . . . .

<u>Id.</u> at 19-20 (emphasis added).

> [T]he Defendants failed to present <u>any evidence</u> of authority . . . .

<u>Id.</u> at 22 (emphasis added).

> The Defendants' <u>"evidence"</u> did not present a material fact issue . . . .

<u>Id.</u> at 23 (emphasis added).

> There is <u>no evidence</u> that the Defendant made specific requests for repairs, and there is <u>no evidence</u> that any specific repairs requested, if any[,] were not made . . . . There is <u>no evidence</u> that the FDIC . . . was aware of or had knowledge of any falsity . . . , nor is there <u>any evidence</u> that Mr. Murphy intended to mislead . . . .

<u>Id.</u> at 24 (emphasis added).

> There is <u>no evidence</u> that Plaintiff obstructed or physically prevented Defendants' representatives . . . .
>     . . . . [T]here is <u>no evidence</u> that the Plaintiff would have refused a request by the Defendants to re-enter . . . .
>     A reasonable and fair-minded jury simply could not come to a conclusion, <u>based upon the trial evidence</u>, that Plaintiff interfered with or prevented the Defendants . . . . The jury's finding . . . should

3

have been disregarded by the trial court because there was <u>no credible evidence</u> . . . .

<u>Id.</u> at 27-28 (emphasis added).

The answer of the jury . . . is not only <u>unsupported by the evidence</u>, but is clearly contrary to the <u>great weight of all of the evidence</u>.

<u>Id.</u> at 29 (emphasis added).

There was <u>no evidence</u> to support this finding by the jury . . . . [T]he zero damages finding by the jury was clearly erroneous and <u>not supported by the facts and evidence</u>.

<u>Id.</u> at 29-30 (emphasis added).

[T]here was a complete <u>absence of evidence</u> to support the jury's findings.

<u>Id.</u> at 30 (emphasis added).

[T]here was <u>no credible evidence</u> presented by Defendants to refute this evidence.

<u>Id.</u> at 32 (emphasis added).

[T]he trial court should have granted Plaintiff's Motion for New Trial because of a complete <u>lack of evidence</u> to support the jury's conclusion . . . .

<u>Id.</u> at 33 (emphasis added).

Counsel for the petitioner is advised that, in the future, before they embark upon a wholly unprofessional tirade against a court based upon the disposition of their client's claims, they would do well to reread their briefs with a view to identifying the grounds upon which they asked the court to focus.

IT IS ORDERED that the petition for rehearing filed in the above case is DENIED.

4